IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**CHARLES SMITH, JR., # 91945**                                                                **PLAINTIFF**

**VS.**                                        **CIVIL ACTION NO. 3:19-CV-826-CWR-LRA**

**UNKNOWN WASHINGTON,**
**Officer Ground Crew**                                                                **DEFENDANT**

### DEFENDANT'S MEMORANDUM OF AUTHORITIES
### IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT
### BASED ON FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

COMES NOW, Defendant, Corey Washington, by and through counsel and submits his Memorandum of Authorities in Support of His Motion for Summary Judgment Based on Failure to Exhaust Administrative Remedies, and in support thereof, would show unto the Court as follows:

### I.     INTRODUCTION & FACTUAL BACKGROUND

At the time of filing his Complaint, Plaintiff was a convicted inmate in the custody of the Mississippi Department of Corrections ("MDOC") and has filed suit pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights. *Compl.*, [1] at 2. At all times pertinent to his suit, Plaintiff was incarcerated at the Central Mississippi Correctional Facility ("CMCF"). *Id.* Plaintiff is alleging Defendant failed to protect him from assault by another inmate and then failed to obtain medical care for him. *Id.* at 5-7.

On October 25th, 2019, Plaintiff submitted correspondence to the ARP department relating to allegations against Officer Washington stemming from an October 23rd, 2019 assault. See *Aff. of L. Stewart*, a copy of which is attached to

Defendants Motion for Summary Judgment [19] as Exhibit "A"). The ARP program returned the unprocessed ARP to Plaintiff along with a letter regarding "How to Enter the ARP Process." *Id.* at 1, ¶ 4. The ARP program does not have any record of Plaintiff ever resubmitting his ARP after being informed of how to amend his potential grievance. *Id.* at ¶ 6. Thus, Plaintiff failed to properly enter the ARP program and failed to fully exhaust his administrative remedies prior to bringing suit in this matter as is required by the PLRA.

## II. LEGAL STANDARDS

### A. Summary Judgment Standard

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "[T]he nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

"A genuine dispute of material fact means that 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Royal v. CCC & R Tres Arboles, L.L.C.*, 736 F.3d 396, 400 (5th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). If the evidence presented by the nonmovant

"'is merely colorable, or is not significantly probative,' summary judgment is appropriate." *Cutting Underwater Techs. USA, Inc. v. ENI U.S. Operating Co.*, 671 F.3d 512, 516 (5th Cir. 2012) (quoting *Anderson*, 477 U.S. at 249). In deciding whether summary judgment is appropriate, the Court views the evidence and inferences in the light most favorable to the nonmoving party. *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).

### B. The Prison Litigation Reform Act

Because Plaintiff is a prisoner pursuing a civil action seeking redress from government employees, the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321, H.R. 3019 (codified as amended in scattered titles and sections of the U.S.C.), applies and requires that this case be screened.

The PLRA provides that "the Court shall dismiss the case at any time if the court determines that ... the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); see 28 U.S.C. § 1915(e)(2)(B).

A centerpiece of the PLRA's effort to "reduce the quantity and improve the quality of prisoner suits" is an "invigorated" exhaustion provision. *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). The PLRA provides:

> No action shall be brought with respect to prison conditions under [42 U.S.C.§ 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

"Exhaustion is no longer left to the discretion of the district court, but is mandatory." *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). "The PLRA attempts to eliminate unwarranted federal-court interference with the administration of prisons, and thus seeks to 'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.' " *Id.* at 93 (quoting *Porter*, 534 U.S. at 525). Proper exhaustion is required. A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Id.* at 83-84. And the grievance process must be exhausted "pre-filing." *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).

The United States Supreme Court has held "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532. Additionally, the Court has interpreted § 1997e(a) as requiring exhaustion "irrespective of the forms of relief sought and offered through administrative avenues." *Booth v. Churner*, 532 U.S. 731, 741 n. 6, 121 S. Ct. 1819, 1825 n. 6, 149 L. Ed. 2d 958 (2001).

Exhaustion "is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time." *Dillon v. Rogers*, 596 F.3d 260, 272 (5th Cir. 2010). "[J]udges may resolve factual disputes concerning exhaustion without the participation of a jury." *Id.*

## III. ARGUMENT

Plaintiff has failed to fully exhaust his administrative remedies as to his claims against moving Defendant prior to filing suit and, as such, he is entitled to summary judgment in his favor.

### A. MDOC Administrative Review Process

Miss. Code Ann. § 47-5-801 (as amended) grants MDOC the authority to adopt an administrative review procedure at each of its correctional facilities. Pursuant to this statutory authority, the MDOC has set up an Administrative Remedy Program ("ARP") through which an offender may seek formal review of a complaint or grievance relating to any aspect of their incarceration. MDOC's ARP received court approval in *Gates v. Collier*, GC 71–6–S–D (N.D. Miss. 1971) (order dated February 15, 1994). Effective September 19, 2010, the ARP process was changed from a three-step process to a two-step process. See *Gates v. Barbour*, No. 4:71-cv-6-JAD, Doc. 1242 (N.D. Miss. Aug. 19, 2010); *Threadgill v. Moore*, No. 3:10-cv-378-TSL-MTP, 2011 WL 4388832, at *3 n.6 (S.D. Miss. 2011).

The Mississippi Department of Corrections ("MDOC"), pursuant to Miss. Code Ann. § 47-5-801, has established a two-step Administrative Remedy Program ("ARP") through which prisoners may seek formal review of their complaints or grievances while incarcerated. *Threadgill v. Moore*, No. 3:10-cv-378, 2011 WL 4388832, at *3 n.6 (S.D. Miss. July 25, 2011). Under the ARP, an inmate must make a "request to the [ARP] in writing within a 30 day period after an incident has occurred." Inmate

Handbook, Miss. Dep't of Corrections. (June 2016), at Ch. VIII(IV)(A)[1]. The request is then screened to ensure it meets certain criteria. *Id.* at Ch. VIII(V). If the request meets the specified criteria, it will be accepted into the ARP and proceeds to the first step. *Id.*

At the first step of the ARP, a prison official responds to the request using a Form ARP-2. *Id.* On this form, inmates can indicate whether they are dissatisfied with the outcome of the first step by "giv[ing] a reason for their dissatisfaction with the previous response." *Id.* An inmate who timely indicates that he is dissatisfied with the first step of the ARP process proceeds to the second step. *Id.* In the second step, like the first step, a prison official responds to the ARP request. If the inmate remains unsatisfied with the result, he may then file a lawsuit. *Id.* In the case of an appeal of an RVR, however, an inmate is only required to complete the first step of the ARP. Inmate Handbook, Miss. Dep't of Corrections. (June 2016), at Ch. VIII(XI)(A-C).

### B. ARP

On October 25, 2019, Plaintiff submitted correspondence to the ARP department relating to allegations against Defendant Corey Washington. *See* [20], *Aff. of L. Stewart,* (a copy of which is attached to Defendant's Motion for Summary Judgment [19] as **Exhibit "A"**). The ARP program returned the unprocessed ARP to Plaintiff

---

[1] Available at: http://www.mdoc.ms.gov/Inmate-Info/Documents/CHAPTER_VIII.pdf. The Court may take judicial notice of MDOC's Inmate Handbook. See Fed. R. Evid. 201(b)(2)("The court may judicially notice a fact that is not subject to reasonable dispute because it ... can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); see, e.g., *Smith v. Polk Cty., Fla.*, No. 805-cv-884-t-24, 2005 WL 1309910, at *3 (M.D. Fla. May 31, 2005) (judicial notice taken of inmate handbook and grievance procedures stated therein).

along with a letter regarding "How to Enter the ARP Process." [20] at 1, ¶ 4. The ARP program does not have any record of Plaintiff ever resubmitting his ARP after being informed of how to amend his potential grievance. [20] at 1, ¶ 5. Thus, Plaintiff failed to properly enter the ARP program and failed to fully exhaust his administrative remedies prior to bringing suit in this matter as is required by the PLRA.

## IV.   CONCLUSION

For all of the reasons outlined hereinabove, as well as in his Motion for Summary Judgment, Defendant Corey Washington is entitled to summary judgment regarding Plaintiff's claims against him as Plaintiff failed to properly exhaust his available administrative remedies prior to filing suit in this matter as is required by the PLRA.

DATE: JULY 14TH, 2020

        COREY WASHINGTON, *Defendant*

        LYNN FITCH
        Attorney General of Mississippi

        */s/ E. Kenneth Walley, Jr.*
        Special Assistant Attorney General
        Mississippi Bar No. 103179
        P.O. Box 220
        Jackson, Mississippi 39205-0220
        Telephone: (601) 359-3815
        E-mail: ken.walley@ago.ms.gov

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the ECF system, and that I have this day caused to be mailed, via United States Postal Service, first class postage prepaid, a true and correct copy of the foregoing document in the above-styled and numbered cause to the following non-ECF participant:

>Charles Smith, Jr.
>91945
>C.M.C.F.
>P. O. Box 88550
>Pearl, MS 39288-8550

This, the 14th day of July, 2020.

>/s/ E. Kenneth Walley, Jr.