UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI

FILED
Dec 29 2020

ARTHUR JOHNSTON, CLERK
By: _____, Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**CHARLES SMITH, JR.**                                                                 **PLAINTIFF**

**VS.**                                                         **CIVIL ACTION NO. 3:19-CV-826-LRA**

**COREY WASHINGTON**                                                                   **DEFENDANT**

## REPORT AND RECOMMENDATION TO GRANT
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on the Defendant's Motion for Summary Judgment Based on Failure to Exhaust Administrative Remedies (Doc. #19). Plaintiff, Charles Smith, opposes the Motion on grounds that he should not have been required to exhaust, because the ARP system is confusing, and the rules are inconsistently applied. The Court has reviewed this matter carefully and finds that Smith did not comply with the rules of the ARP program and that his complaints about the program are without merit. Therefore, for the reasons more fully set forth below, the undersigned United States Magistrate Judge recommends that the Motion for Summary Judgment be granted and this case dismissed.

Smith has been housed in the custody of the Mississippi Department of Corrections [MDOC] at Central Mississippi Correctional Facility [CMCF] in Pearl, Mississippi, since 2018. His claims, as set forth in his Complaint and augmented by his testimony at the hearing, are based on an incident that occurred at the facility on October 23, 2019. The Defendant, Officer Corey Washington, was charged with the duty of escorting inmates to and from the shower. According to Smith, because he was housed in a maximum security unit, the policy was to put inmates in restraints during the escort. On this occasion, an inmate who was not restrained walked by Smith's cell and broke the glass window. Smith was standing at the door, and the

shattered glass cut both his shoulders and his stomach. Smith was taken to the clinic the next day, and he received ointment and bandages for his cuts, which he described in his Complaint as "superficial."

At the omnibus hearing, Smith made clear that he was not seeking relief related to his medical treatment. He requests, however, $50,000 and punitive damages for the breach of policy that resulted in his injuries. He has no evidence that the Defendant was aware of any bad feelings between Smith and the other inmate, but he believes that the guards should have expected an incident of that nature when they failed to restrain the inmates. Smith has been moved to another unit, but he believes that the practice of moving unrestrained inmates stopped after he filed his Complaint.

Smith filed a grievance through the ARP system seeking $50,000 and that the Defendant be disciplined. The grievance was rejected and returned to him. The reason for the rejection was "The Administrative Remedy Program cannot accept request for staff to be disciplined, dictation on how staff may conduct themselves, any type of compensation, or lawsuit request, & if your letter contains any of these requests, it will therefore be rejected." Smith did not re-submit his grievance. During the omnibus hearing, Smith explained that, since these were the remedies he sought, no purpose would be served by re-submitting his grievance.

In connection with this Motion for Summary Judgment, Smith has attached several grievance submissions and several responses from the ARP administrator. Smith claims that these documents show that grievances are handled inconsistently and that even the personnel that run the program are confused about processing grievances. Actually, what the documents show is that Smith files repeated grievances, and the program's policy is to handle them individually.

No one inmate can be permitted to file multiple simultaneous grievances and thereby prevent other inmates from having their issues heard. The practice of "backlogging" grievances has been specifically approved by the Fifth Circuit. *Wilson v. Epps*, 776 F.3d 296, 300 (5th Cir. 2015). The documents also show that grievances will be rejected where the inmate asks for relief that is beyond the power of the ARP to grant.

Smith has his own opinion on how the ARP process should work. As he states in his Opposition to the Defendant's rebuttal brief, "The Petitioner states that the ARP Program should be only forwarding the ARP's to the individuals (Officials) in the prisons who possible resolve the matter by compensating the prisoner and disciplining the Officers." (Doc. #31). This opinion, however, cannot influence how this Court must review his compliance with the ARP system as it actually exists.

Under the Prison Litigation Reform Act (PLRA): "No action shall be brought with respect to prison ... by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has made it clear that exhaustion is an *absolute prerequisite* and that the administrative remedies should be invoked in a timely manner and pursued to their conclusion. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). The petitioner must have "pursue[d] the grievance remedy to conclusion"—substantial compliance with administrative procedures is not enough. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).

In *Woodford*, the Court dismissed an untimely claim as unexhausted, holding "Exhaustion is no longer left to the discretion of the district court, but is mandatory." Id. at 85. The exhaustion requirement of the PLRA attempts to reduce federal interference with the

administration of state prisons.   To that end, it seeks to give prison officials time and opportunity to address complaints internally.   In a later case, the Court instructed, "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007).   The Court stated, "All agree that no unexhausted claim may be considered." *Id*. at 219–20.   If this requirement had been judicially created by caselaw, then this Court might have the discretion to interpret its relevance to a given fact situation.   That is no longer the case.   The requirement of exhaustion is *statutory*, and it is absolute under the law.   42 U.S.C. § 1997.   This Court has no authority to re-write a prison's system for processing and resolving grievances, and this Court has no authority to review a claim that was not properly exhausted.

Although Congress has statutorily mandated exhaustion, the statute itself provides an exception.   Under § 1997e(a), the exhaustion requirement hinges on the "availab[ility]" of administrative remedies.   Inmates are required to exhaust the remedies that are available to them, but there is no exhaustion requirement where the remedies are unavailable.   *Ross v. Blake,* 136 S. Ct. 1850, 1859 (2016).   As it developed during the omnibus hearing, this is the crux of Smith's case.

An administrative remedy may be unavailable where prison officials are unable or unwilling to provide relief.   *Brantner v. Freestone Cty Sheriff's Office,* 776 F. App'x 829, 833 (5th Cir. 2019) (quoting *Ross,* 136 S. Ct. 1859-60).   Relief is not "unavailable," however, because the prisoner asks for a form of relief, such as money damages, that the program cannot provide.   *Booth v. Churner*, 532 U.S. 731, 740-41 (2001).   To hold otherwise would encourage prisoners to ask for money damages or officer discipline in order to by-pass the exhaustion

requirement.  *Id*.  Thus, the question is not whether the program can provide the relief that the prisoner seeks, but whether there is *any other* relief that could be offered.

That issue has arisen in two recent cases from this Court.  In *Evans v. Mgmt. & Training Corp.*, No. 3:15cv770, 2017 WL 78803, at *3 (S.D. Miss. Jan. 6, 2017), the Court denied summary judgment on the claim that the plaintiff had failed to exhaust, where money damages were unavailable and the defendants had failed to identify an alternative remedy.  Conversely, in another case involving a request for money damages, the Court held that a remedy was not unavailable, where the defendants identified alternate relief; i.e., an investigation and corrective action.  *Harris v. Daniel*, 5:18cv70, 2019 WL 2422488, at *3-4 (S.D. Miss. June 10, 2019). Chief Judge Jordan recently dismissed a case brought by this Petitioner on essentially the same grounds that are dispositive here—the fact that a prisoner does not *like* the relief that is available does not make the appropriate relief unavailable.  *Smith v. Rhodes*, civil action no. 3:19cv260, 2020 WL 4366090 at *2 (S.D. Miss. July 30, 2020).

During the omnibus hearing, the undersigned asked counsel for Washington how Smith should have framed his grievance, if monetary damages and officer discipline were unavailable remedies.  Counsel responded "[I]t is kind of scenario based. . . . But he can ask to not have inmates transported unrestrained in the zone." (Tr. 9).  The Court later asked again about wording a resubmission, and counsel answered, "Ask not to have inmates transported.  It sounded like the zone he described, everyone should have been in restraints if they're being moved.  You'd ask to not allow inmates to be transported without being restrained." Ordinarily, statements or arguments from counsel are not competent evidence to support a motion for summary judgment.  *Texas Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 255 n.9

5

(1981); *Turner v. Kansas City S. Ry. Co.*, 675 F.3d 887, 902-3 (5th Cir. 2012).   Here, however, the solution to Smith's problem was neither arcane nor mysterious.   Smith was informed on November 6, 2019, that the Administrative Remedy Program could not accept requests for staff to be disciplined or requests for compensation.   He filed this lawsuit on November 15, 2019, rather than to re-submit his request.   Smith admitted during the omnibus hearing that, after he complained, the problem *was* resolved by having guards put restraints on prisoners in that unit when they were moved (Tr. 11-12).   The fact that Smith could not get the particular remedy he preferred does not excuse his failure to ask for a different remedy that would prove equally effective.

For the above reasons, the undersigned Magistrate Judge recommends that the Defendant's Motion for Summary Judgment (19) be granted and this cause of action be dismissed pursuant to FED. R. CIV. P. 56(b), with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.   28 U.S.C. § 636;   Fed. R. Civ. P. 72(b); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 29th day of December, 2020.

s/Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE

6