# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**CHARLES SMITH, JR.**                                                                                **PLAINTIFF**

**V.**                              **CAUSE NO. 3:19-CV-826-CWR-LGI**

**UNKNOWN WASHINGTON,** *Officer*                                       **DEFENDANT**
*Ground Crew*

## ORDER

Before the Court are the defendant's motion for summary judgment for failure to exhaust administrative remedies, the Magistrate Judge's Report and Recommendation (R&R) on that motion, and the plaintiff's objection to the R&R. Docket Nos. 19, 34, & 36. On review, the motion for summary judgment must be denied.

The record shows that on October 25, 2019, plaintiff Charles Smith, Jr. tried to exhaust his administrative remedies about a staff failure that caused him to sustain injuries. But his grievance letter was rejected. The prison provided the following explanation:

> The Administrative Remedy Program **cannot accept** requests for staff to be disciplined, dictation on how staff may conduct themselves, any type of compensation, or lawsuit request, & if your letter contains any of these requests, it will therefore **be rejected**.

Docket No. 20 at 2.[1]

"Under federal law, prisoners must exhaust administrative remedies if they wish to sue the persons who have violated their constitutional rights." *Berry v. Wexford Health Sources*, No. 3:14-CV-665-CWR-FKB, 2016 WL 4030934, at *1 (S.D. Miss. July 26, 2016) (citation omitted). "Prisoners must administratively exhaust requests for money damages even if the administrative process cannot award them money damages." *Id.* (citing *Booth v. Churner*, 532

---

[1] From this statement, it can be discerned that MDOC expects inmates to tell them about staff misbehavior and not ask for a specific remedy. At other times, however, the record shows that MDOC refuses to accept requests for administrative remedies because the prisoner failed to ask for a "specific" remedy. Docket No. 36-1 at 8.

U.S. 731, 739 (2001)). "As the Supreme Court has put it, 'Congress meant to require procedural exhaustion **regardless of the fit between a prisoner's prayer for relief and the administrative remedies possible**.'" *Id.* (quoting *Booth*, 532 U.S. at 739) (emphasis added).[2]

Pursuant to this law, Smith was required to exhaust his administrative remedies regardless of the unavailability of relief. He plainly tried to do so. But the prison's refusal to accept his grievance into its processing system rendered its administrative remedies unavailable. *See Dillon v. Rogers*, 596 F.3d 260, 267 (5th Cir. 2010). As a result, the defendant's motion for summary judgment on the basis of a failure to exhaust cannot be granted. *See Berry*, 2016 WL 4030934, at *2.

For these reasons, Smith's objection is sustained and the motion is denied.

**SO ORDERED**, this the 27th day of January, 2021.

s/ Carlton W. Reeves<br>UNITED STATES DISTRICT JUDGE

---

[2] The defendant's brief acknowledges this line of authority. *See* Docket No. 21 at 4. The defendant's brief also claims, curiously, that MDOC's administrative remedy program permits "an offender [to] seek formal review of a complaint or grievance relating to *any aspect* of their incarceration." *Id.* at 5 (emphasis added). It is therefore not clear why Smith's particular grievance was rejected.